IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| WOO LI, INC. D/B/A BEVERAGE CITY ) | |
| PACKAGE STORE, ) | |
| ) | CASE NO.  16-58865-pwb |
| Debtor. ) | |
| ) | |
| WOO LI, INC. D/B/A BEVERAGE CITY ) | |
| PACKAGE STORE, ) | |
| ) | |
| Movant, ) | |
| ) | CONTESTED MATTER |
| VS. ) | |
| ) | |
| METRO CITY BANK, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**EMERGENCY MOTION REQUESTING AUTHORITY TO USE CASH COLLATERAL
AND REQUEST FOR EXPEDITED HEARING**

COMES NOW Woo Li, Inc. d/b/a Beverage City Package Store ("Debtor"), by and through the undersigned counsel, and hereby files this "*Emergency Motion Requesting Authority to Use Cash Collateral and Request for Expedited Hearing*" ("Motion").  In support of the Motion, Debtor shows the Court as follows:

**Jurisdiction**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a) and 363.

**Background**

1. On May 21, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

2. Debtor is a Georgia Corporation. Debtor operates a liquor store with its principal place of business located at 1451 Virginia Ave, College Park, Georgia 30337 (the "Business").

3. Debtor's president is Taeuk Kang.

4. Pursuant to Bankruptcy Code Sections 1107 and 1108, Debtor continues to operate its business as a debtor-in-possession. Debtor is currently a debtor-in-possession and seeking to restructure and reorganize its business and is taking any and all actions necessary to preserve, protect, and maximize the value of the estate and effectively reorganize the business.

5. In order to effectively reorganize, Debtor must have access to cash to pay its operating expenses and payroll. If Debtor does not have the authority to use its available cash to pay its operating expenses including pay roll, the estate will suffer irreparable harm.

**Liens**

6. Upon information and belief, Metro City Bank ("Metro") asserts a security interest in the accounts of the Debtor pursuant to that certain UCC No. 0602010-10398 filed on December 1, 2010 with the Clerk of Superior Court, Fulton County, Georgia.

7. Based upon a review of records and financing statements, it does not appear that any other party asserts an interest in the cash and accounts of the Debtor.

**Relief Requested**

8. By this Motion, Debtor requests that the Court issue an interim order authorizing the use of cash collateral to avoid immediate and irreparable harm to the estate.

**Basis for Relief**

9. Section 363(c)(2) provides that a debtor in possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral until earlier than 14 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

10. Debtor has an immediate need to continue the operation of the business and to protect the interest of the estate. Without the use of cash collateral and the ability to operate, Debtor will not be able to pay operating expenses necessary for the continuity of Debtor's operations and an effective reorganization.

11. The entry of an Order granting Debtor's motion to use cash collateral will minimize disruption of Debtor's activities and is in the best interests of Debtor's estates and its creditors. Any interruption or disruption of Debtor's operations will be detrimental to Debtor and all other interested parties.

12. Debtor requests that the Court approve the payment of Debtor's reasonable and necessary expenses. Debtor's forecasted budget is attached hereto as Exhibit "A" and adopted

herein by reference, the line items of which Debtor may modify by no more than ten percent (10%), except further provided that Debtor may pay the actual amount owed or deposit required to any utility, taxing authority or insurance company.

WHEREFORE, for all of the above reasons, Debtor requests that the Court:

(a) shorten any applicable notice period and hold a hearing on this Motion on or before May 27, 2016;

(b) grant the motion so that the Debtor may be authorized to pay expenses and other expenditures reasonably necessary for the continued operation of the Debtor's business affairs until such time as a final hearing may be held, so that immediate and irreparable harm to the estate may be avoided;

(c) schedule a final hearing on use of cash collateral so that the Debtor may be authorized to pay reasonable and necessary operating expenses for the time period following the final hearing; and

(c) grant the Debtor such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 23rd day of May, 2016

**JONES & WALDEN, LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Leon S. Jones
Georgia Bar No. 003980
Proposed Attorneys for Debtor
21 Eighth Street, NE
Atlanta, Georgia  30309
(404) 564-9300
(404) 564-9301 Facsimile
ljones@joneswalden.com
cmccord@joneswalden.com

4

# Exhibit "A"

| | | |
|---|---|---|
| Income | | 85,000.00 |
| | | |
| Expenses | | |
| | Inventory | 63,750.00 |
| | Sales Tax | 5,970.00 |
| | Merchant Credit Card | 950.00 |
| | Electricity | 1,450.00 |
| | Gas | 150.00 |
| | Internet/Phone | 150.00 |
| | Insurance | 450.00 |
| | Alarm | 68.00 |
| | Payroll | 4,000.00 |
| | CPA | 200.00 |
| | | |
| Net Income | | 7,862.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **CHAPTER 11** |
| **WOO LI, INC. D/B/A BEVERAGE CITY** ) | |
| **PACKAGE STORE,** ) | |
| ) | **CASE NO.** |
| **Debtor.** ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date indicated below I caused a true and correct copy of the within and foregoing motion by placing same in a properly addressed envelope with adequate postage affixed thereon by placing same in the U.S. Mail upon the following:

United States Trustee's Office
362 Richard B. Russell Federal Bldg
75 Ted Turner Drive SW
Atlanta, Georgia 30303

This 23rd day of May, 2016.

**JONES & WALDEN, LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
Proposed Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
cmccord@joneswalden.com

6